POLICE JURY OF PLAQUEMINES PAR-ISH and National Surety Corporation, Appellants,

v.

UNITED STATES of America, Appellee.

No. 17756.

United States Court of Appeals Fifth Circuit.

Dec. 28, 1959.

Rehearing Denied Jan. 22, 1960.

L. H. Perez, New Orleans, La., Rudolph M. McBride, First Asst. Dist. Atty., Pt. Sulphur, La., Leander H. Perez, Jr., Second Asst. Dist. Atty., New Orleans, La., for defendant-appellant and appellee, Police Jury of Plaquemines Parish, La.

E. E. Huppenbauer, Jr., New Orleans, La., John C. Foster, New Orleans, La., for defendant-appellant and appellee, National Surety Corp.

Roger P. Marquis, Atty., and Perry W. Morton, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., M. Hepburn Many, U. S. Atty., and Norton L. Wisdom, Asst. U. S. Atty., New Orleans, La., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Pursuant to applicable provisions of the Rivers and Harbors Acts, 33 U.S.C.A. §§ 593, 594, the Police Jury of Plaquemines Parish posted security in an amount estimated as proper compensation for lands to be condemned by the United States but for which the Police Jury was to bear the cost.[1] Part of the deposit was in the form of a compliance bond of $150,000, involved in this controversy, with National Surety Corporation as surety. This was required by express order of the District Court.

The Police Jury furnished a total of $122,620.75 after confirmation of the award made by the commissioners under Rule 71A(h), F.R.Civ.P., 28 U.S.C.A. This left $52,590.21 owing which represented the sum of $31,302.21 interest on the award and $21,500 fees of Rule 71A (h) commissioners less $203 deposited in the registry of the court. After the Parish refused to pay, the United States proceeded against the Police Jury and the surety by motion to show cause why the bond should not be forfeited rather than by an independent action.

Hearings were held on the motion and the Police Jury counter-claimed for all payments it had made in excess of $83,200, an amount originally estimated as the cost of the right of way, on the grounds that this was the limit of its liability. The District Judge after full hearings determined that as a matter of law the defenses asserted were of no merit and entered judgment for the United States against the Police Jury and its surety. On this ruling which we approve, there was no occasion for the offer or receipt of any testimony or other evidence. Judgment was also rendered in favor of the surety for the same amount on its cross claim for exoneration against the Police Jury.

The appellants would have had no further rights had there been an independent action. The proceeding by motion accorded every right and advantage to the surety and principal. No possible harm could have resulted. F.R.Civ.P. 61. We find no basis for any of the other objections raised.

Affirmed.

---

1. The District Court did not write an opinion on the present controversy but prepared detailed Findings of Fact and Conclusions of Law. Its opinion on compensation to the landowners is reported *sub nom.* United States v. 1,000 Acres of Land, D.C.E.D.La.1958, 162 F.Supp. 219.